515 So.2d 556 (1987)
STATE of Louisiana
v.
Eleanor GIBSON.
No. KW 87 0308.
Court of Appeal of Louisiana, First Circuit.
October 14, 1987.
Bryan Bush, Dist. Atty., Baton Rouge by James Murray, Asst. Dist. Atty., for plaintiff.
Harry L. Shoemaker, III, Baton Rouge, for defendant.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
ALFORD, Judge.
Following a bench trial, defendant, Eleanor Gibson, was found guilty as charged of first offense driving while intoxicated in violation of LSA-R.S. 14:98, and sentenced accordingly. Gibson filed for writs to this court, and the trial court stayed the execution of sentence while awaiting the results of the application. This court granted Gibson's application for a Writ of Review.
Defendant, in her two assignments of error, contends that:
1. The trial court erred in allowing Officer Robert Barnum to testify as an expert regarding the interpretation of the result of a PEI test.
2. The trial court erred in denying relator's motion for a directed verdict.
Since we find that defendant's first assignment of error has merit, we need not address the defendant's second assignment.
Officer Robert Barnum of the Louisiana State Police testified at trial that he observed Ms. Gibson's vehicle weaving on the road, stopped her and eventually administered a field sobriety test.[1] He then arrested Ms. Gibson, informed her of the Miranda rights, and transported her to Troop A headquarters, where he administerd an Intoxilyzer 5000 test to her. The readout from the Intoxilyzer 5000 test showed a result of ".12 grams percent" but was qualified as a "deficient sample, value printed was highest obtained."
The state contended that Officer Barnum's training qualified him to interpret this unusual readout. Defendant objected and questioned the officer on his qualifications. *557 A high school graduate, Officer Barnum had no physics or chemistry training other than a high school chemistry course. Officer Barnum's only training on the Intoxilyzer 5000 consisted of a two-day course taught at the Louisiana State Police Training Academy, Applied Technology Division, which was designed to teach the officer how to operate the machine and read the printed results. Officer Barnum testified that his training included a discussion of deficient samples. He was permitted to state his understanding of what a deficient sample means:
A. In my training I'm trained that it takes a certain amount of c.c.'s of air to get a maximum reading on the machine. If you get a printout that says, deficient sample, that means you didn't get the full amount of c.c.'s of air, and the value printed was the highest obtained on the air that you did get.
BY MR. MURRAY:
Q. Trooper, in your understanding if a full sample was given, would the result be different in any direction other than upward?
A. No.
Officer Barnum admitted that he was not an expert on the machine and did not know the theory upon which the Intoxilyzer 5000 operated.
In finding Ms. Gibson guilty, the trial court relied upon Officer Barnum's testimony interpreting the unusual reading on the Intoxilyzer 5000 test. We find that the officer was not qualified to render such an opinion.
In State v. Wheeler, 416 So.2d 78 (La. 1982), our supreme court found that in weighing whether evidence is fact or opinion, and whether it is admissible as expert opinion evidence under LSA-R.S. 15:464, the trial judge should consider three variables: (1) the degree of concreteness of description or the difference in nearness or remoteness of inference; (2) the purpose for which the testimony is to be admitted; and (3) the potential for its classification as expert testimony. As a corollary to the third variable, our supreme court determined that two elements were needed to warrant the use of expert testimony:
(a) the subject of the inference must be so distinctly related to some science, profession, business or occupation as to be beyond the understanding of the average layman; and (b) the witness must have sufficient skill, knowledge or experience in that field or calling as to make it appear that his opinion or inference will probably aid the trier of fact in his search for truth.
416 So.2d at 80.
In the present case, Officer Barnum had undergone some limited training which qualified him to administer and read the results of the Intoxilyzer 5000 test. When the test results reflect a successful test no expert interpretation is necessary. However, the test results at issue did not reflect a successful test. No person with a sufficient scientific background and understanding of the Intoxilyzer 5000 machine testified as to whether a deficient sample would cause the reading to be higher, lower or equal to that which would have resulted had a sufficient breath sample been obtained. It is obvious from the officer's testimony that his opinion that a sufficient sample could only result in a higher reading was based only upon a conclusory instruction at his training session, not upon any expert knowledge on his part concerning the mechanism and function of the machine.
The issue upon which the opinion testimony was received closely relates to the issue of guilt. LSA-R.S. 14:98A(2) provides that the crime of operating a vehicle while intoxicated occurs when the operator's blood alcohol concentration is 0.10 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood. While expert testimony is clearly appropriate in this situation, the trial court should scrupulously examine the qualifications of the witness since his testimony will directly affect the finding of guilt or innocence. Herein, the trial court erred in permitting Officer Barnum to offer his opinion on the meaning of the deficient test results.
*558 For the foregoing reasons, we find reversible error in admitting into evidence improper expert testimony over defendant's objection and we reverse the defendant's conviction and sentence. Because this decision does not entail a finding that there was insufficient evidence to convict the defendant, it is proper that Ms. Gibson be retried on the charge of driving while intoxicated. See State v. Bailey, 500 So.2d 843 (La.App. 1st Cir.1986). Therefore, we remand the case to the trial court for a new trial.
REVERSED AND REMANDED.
NOTES
[1] Defendant objected to the testimony of Officer Barnum concerning the field sobriety test on the basis that Miranda warnings did not precede it. The trial court sustained that objection. This ruling was erroneous. See State v. Badon, 401 So.2d 1178 (La.1981).